UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FISHER COMMUNICATIONS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　Defendant,<br><br>　　v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, et al.,<br><br>　　　　　Third-Party Defendants. | C11-1225 TSZ<br><br>MINUTE ORDER |

　　　The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

　　　(1)　Plaintiff's and Third-Party Defendants' unopposed motion to continue trial, docket no. 58, is GRANTED as follows. The current trial date of May 6, 2013, and all related deadlines are STRICKEN.

　　　(2)　Defendant's motion for summary judgment, docket no. 53, is STRICKEN without prejudice. By Order entered September 4, 2012, docket no. 43, the Court granted in part defendant's motion for partial summary judgment and held as a matter of law that plaintiff's damages resulting from fire and water were not covered under the named-peril (boiler and machinery or equipment breakdown) policy at issue. The Court further directed the parties to file a joint status report indicating what, if any, issues remain for trial in this matter. In their Joint Status Report, docket no. 47, the parties outlined the following issues: (i) whether the policy at issue contains "a special grant of coverage for water damage" up to $250,000; (ii) whether defendant made payments to plaintiff for loss

MINUTE ORDER - 1

also covered by third-party defendants and is entitled to reimbursement; and (iii) whether third-party defendants' defenses that defendant lacks standing, waived its claim, or acted as a volunteer operate to preclude defendant from such reimbursement.  The Joint Status Report further indicated that plaintiff would dismiss its claims under the Washington Consumer Protection Act and Insurance Fair Conduct Act (Second and Fourth Causes of Action), *see also* Stip. & Order (docket no. 50) (dismissing such claims), but the Joint Status Report was silent as to whether plaintiff intended to pursue its claim for a declaratory judgment that "Travelers must pay Fisher for all insured loss, damage and expense attributable to arcing subject only to set off for amounts previously paid by Travelers and the 50% pro-rata share of the loss that is found to be insured jointly by Fisher's Fire Policy and the Travelers Policy."  First Am. Compl. at ¶ 38(iii) (docket no. 17).  In its current motion for summary judgment, defendant addresses only the first issue described in the Joint Status Report.  Thus, whether granting defendant's motion would obviate the need for a trial in this matter remains unclear.  Moreover, in response to defendant's motion, plaintiff has raised issues not set forth in the Joint Status Report but perhaps within the scope of the claim for declaratory relief summarized above.  In its reply, defendant asserts that third-party defendants as plaintiff's subrogees waived the declaratory relief issues by not including them in the Joint Status Report, and that such issues "should be litigated in the third-party contribution action."  Reply at 2 (docket no. 63).  The Court, however, has not bifurcated the first-party and third-party claims for purposes of trial, and to the extent that all such claims can be resolved by way of motions practice, each side should present its arguments in one consolidated dispositive motion.  *See* Local Civil Rule 7(e)(3).

   (3) In light of the foregoing, the Court SETS the following deadlines:

    (a) Discovery shall be completed by April 12, 2013;

    (b) Defendant/third-party plaintiff shall file its dispositive motion on or before April 25, 2013, and shall note such motion for consideration on June 7, 2013;

    (c) Plaintiff/third-party defendants shall file a consolidated response to defendant/third-party plaintiff's dispositive motion and any cross-motion on or before May 13, 2013, and shall note the cross-motion for consideration on June 7, 2013;

    (d) Defendant/third-party plaintiff shall file a consolidated reply in support of its motion and response to plaintiff/third-party defendants' cross-motion, if any, on or before June 3, 2013;

    (e) Plaintiff/third-party defendants shall file a reply in support of their cross-motion, if any, on or before June 7, 2013.

MINUTE ORDER - 2

(4)     If a party's dispositive motion does not seek to resolve all remaining claims in this matter, then such motion shall be denominated as a motion (or cross-motion) for partial summary judgment.  The Court will set a trial date and related deadlines, if appropriate, after it rules on the parties' dispositive motions.

(5)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of February, 2013.

          William M. McCool
          Clerk

          s/Claudia Hawney
          Deputy Clerk